## BOSTICK v. STATE.

TAVERNS: *Must be licensed.*
    The provisions continued from the Revised Statutes of 1838, requiring tavern keepers to take out license, and making the failure to do so a misdemeanor, have not been repealed and are not unconstitutional.

APPEAL from *Garland* Circuit Court.
Hon. J. B. WOOD, Circuit Judge.

*John M. Harrell* for Appellant.

This prosecution is instituted under *Secs. 6416, 6417 and 1859, Mansf. Dig.*

1. There is no offense proved in the agreed statement. In *Baker v. State, 44 Ark.,* this court says: "The construction of

the taxation of privileges involved the decisions of this court in some confusion at an early day, and in *Washington v. State, 13 Ark., 752*, in an attempt to extricate itself from this difficulty, the court held that there was no restraint upon the *legislature* to authorize counties and towns to regulate and tax callings and pursuits." But to keep a "house of entertainment" is not keeping a *public tavern*, according to *sec. 6416*, and the statute authorizes a house of entertainment in the county without license. *Sec. 6417, ita lex scripta.*

2. The fine imposed is excessive. Counties and municipal corporations are put upon the same footing, by *Washington v. State*, as to other authority to tax for local purposes.

The license fee demanded is not a tax upon an occupation, but a compensation for issuing the license, for keeping the necessary record, and for municipal supervision over the business. *Fort Smith v. Ayers, 43 Ark., 82.*

3. The statute, *sec. 1859*, affixing a penalty for violating the provisions of the law against "tavern keepers" is not violated in any of its provisions by defendant, unless for not procuring a license to keep such tavern, and that statute evidently means such "tavern" as the law contemplates in the restraints and liabilities imposed upon taverns and inns and inn-keepers. *Story on Bailments, 474.*

As to the distinction between a boarding-house and an inn, see *Willard v. Reinbard, 2 E. D. Smith (N. Y.)*, and the very interesting opinion of Baily, J., in *Cromwell v. Stevens, 2 Daly 15; Bennett's note to Story on Bailments, 475.*

4. The information charges no offense. It is a tax, indirectly, without authority of the legislature to impose it, since the several successive revenue acts do not enumerate either tavern keepers or boarding-house keepers among the privileges to be licensed by a county. See *Revenue Act March 31, 1883; Mansf. Dig., sec. 5595.*

As to repeal and reversal of statutes, see *Mansf. Dig., sec. 6341.*

Although two enactments are not in all respects repugnant, yet if the latter act covers the whole subject of the earlier, and embraces new provisions which plainly show that the last was intended as a *substitute* for the first, it will operate as a repeal. *Norres v. Crocker, 13 How., 429; U. S. v. Tynen, 11 Wall., 88; King v. Cornell, 106 U. S., 395.*

When a revising statute, such as the customs act of June 30, 1864, covers the whole subject matter of antecedent statutes, it virtually repeals them without any express repealing clause; and the partial repeal of such revising statute does not reverse the provisions of the antecedent laws so supplied. *Butler v. Russell, 3 Cliff, 251; 11 Int. Rev. Rec., 30.*

*D. W. Jones*, Attorney General, for Appellee.

These cases involve the same question, and are submitted together by consent of counsel.

The information filed by the prosecuting attorney before the justice of the peace was authorized by law, (*Mansf. Dig., sec. 5332,*) and is in due form. *State v. Adams, 16 Ark., 497.*

The agreed statement of facts shows that the defendants kept taverns. While, originally, a tavern meant a house for the retailing of liquors to be drunk on the spot, it has now come to mean the same as inn, with no particular reference to the sale of liquors. *Bouv. Law Dic., tit. tavern.* Such has evidently been the meaning in this state all the time, inasmuch as the statute requiring a license to keep a tavern was in the Revised Statutes. See *Sec. 6416 Mansf. Dig.*

This statute has never been repealed, has never been a part of the general revenue law of the state, and is constitutional. *Revised Stat., chap. 148; State v. Adams, supra.*

The judgments should be affirmed.

Bostick v. State.

SMITH, J.   The prosecuting attorney filed before a justice of the peace of Garland county an information, under oath, charging Mrs. Bostick with keeping a public tavern without license.   After a demurrer to the information had been overruled, a trial was had, resulting in her conviction, and she appealed.   In the circuit court she unsuccessfully renewed her objections to the sufficiency of the information to state any offense known to our laws.   And upon a trial anew before the court, without a jury, she was again convicted and condemned to pay a fine of $10 and costs.

The information follows, substantially, the form of indictment which was approved in *State v. Adams, 16 Ark., 497.*   It is based upon *Secs. 1859, 6416 and 6418 of Mansf. Dig.*.   By these provisions any person proposing to keep a tavern, without regard to the fact whether he sells liquors or not, is required to apply to the county court of his county for license, by petition, setting forth the place where the business is to be carried on and the extent of the petitioner's accommodations for guests, horses, etc.   The court, if satisfied that the public convenience will be thereby promoted, grants the applicant a license, which must be annually renewed, and assesses the license fee, which is called in the statute a tax.   And it is made a misdemeanor to keep a tavern without having first procured a license.

These provisions were a part of the Revised Statutes of 1838 and have been retained in every subsequent compilation of our laws.   It is said in *State v. Adams, supra,* that no serious doubts of their constitutionality were entertained.   And our present constitution is, so far as questions of this nature are concerned, similar to the constitution of 1836.   We have had some doubts, however, whether the whole statute was not abrogated by the constitution of 1868.   That constitution continued in force all laws not inconsistent with it, but provided that the

1. TAVERNS:—
Must be licens'd

general assembly should tax all privileges, pursuits and occupa-
tions that were of no real use to society; all others to be
exempt.    It was decided in *Henry v. State, 26 Ark., 523*, and
in other cases, that the regulations for the licensing of groceries.
or dram shops, which were contained in the same chapter, and
were identical with those relating to taverns, had not been
repealed.    And in *Straub & Lohman v. Gordon, 27 Ark., 625*,.
where the constitutionality of a law imposing a county tax
upon liquor dealers was assailed, it was pretty broadly intimated
that the selling of liquors, whether at wholesale or by retail,.
was of no real benefit to society.

But the inn-keeper's· occupation is a useful and necessary
one, and if the statute we are considering imposes a tax, it is.
inconsistent with the constitution of 1868 and has not been
re-enacted since that constitution ceased to be in force.    The
true answer to this objection, doubtless, is that it is not a tax
at all, but a valid exercise of the police power· of the state, and
that the object aimed at is not the raising of revenue, but the
regulation of the business.    *Taylor, Cleveland & Co. v. Pine
Bluff, 34 Ark., 603; Russellville v. White, 41 Id., 485; Fort
Smith v. Ayers, 43 Id., 82.*

Whenever the owner of property devotes it to a use in
which the public has an interest, he, in effect, grants to the
public an interest in such use, and must, to the extent of that.
interest, submit to be controlled by the public for the common
good.    This gives by implication the power to regulate ferries,
common carriers, hackmen, bakers, butchers, hucksters, millers,
wharfingers, inn-keepers, etc.    *Munn v. Illinois, 94 U. S., 113.*

The case was tried upon an agreed statement of facts,.
which showed that the defendant kept a house of entertainment
in the city of Hot Springs, but did not sell liquors.    This house
was advertised by a sign attached to it, bearing the inscription
" Webb House," and also in the newspapers by a card announ-
cing its location and stating that the house was open for the·

accommodation of the public upon very reasonable terms. She was prepared to entertain fifteen guests, and visitors to the Springs stopped at her house and obtained board and lodging.

The finding of the court, that the defendant kept a tavern, was neither against law nor evidence. The testimony tends to prove that her house was a public house, intended for the reception and entertainment of all comers; and not a mere boarding-house, where the boarder is selected and received into the house upon an express contract for a certain period of time.

Affirmed.